UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN COLE HANCOCK,

Plaintiff,

v.                                          CAUSE NO. 3:24-CV-294-JD-JEM

ERIN WILLIAMS, et al.,

Defendants.

OPINION AND ORDER

Ryan Cole Hancock, a prisoner without a lawyer, filed a complaint against three

defendants alleging they placed him in the wrong security classification at Westville

Correctional Facility ("WCF"). ECF 1. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

On June 4, 2021, Michigan Circuit Court Judge Mark A. Herman sentenced

Hancock to time served in his criminal case, number 21-10036-FH. ECF 1 at 2. This

sentence was to be served concurrently with his sentence in his Indiana criminal case,

number 20C01-1801-F1-000002. *Id*. On May 20, 2022, Hancock was classified as a Level 1

inmate and housed in R-Dorm at WCF. *Id*. About a month later, on June 24, 2022,

Hancock was reclassified as a Level 2 inmate and moved to a dorm with a higher security classification because his case file indicated he had a felony detainer in his Michigan case. *Id*. He asserts that he should not have been moved to the new dorm because Judge Herman removed the detainer when he sentenced him to time served. *Id*. Hancock contends that Classification and Correctional Release Assistant Erin Williams told him the detainer had been closed out and removed from his file. *Id*. at 3.

Hancock asserts that Williams and R-Dorm Caseworker Marla Doughman wrongfully reinstated the detainer. *Id*. Because he had been placed in a Level 2 security classification, he wrote to Judge Herman, who confirmed there was no detainer or hold in his Michigan case. *Id*. at 2-3. Hancock forwarded Judge Herman's letters and documents to Williams and Doughman, but they would not reclassify him as a Level 1 inmate. *Id*. at 3. He also filed grievances and classification appeals; however, the issue was never resolved. *Id*. at 2-3.

Hancock argues that he was improperly placed in a Level 2 security classification when he belongs in a Level 1 security classification. It is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments"); s*ee also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security classification"), and *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security

2

classification). Therefore, Hancock has not stated claims against either Williams or Doughman.

As a final matter, Hancock has also sued Warden Jason Smiley. However, other than listing Warden Smiley as a defendant in the caption of his case, he never mentions him in the body of his complaint. Therefore, he may not proceed here.

This complaint does not state a claim for which relief can be granted. If Hancock believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Ryan Cole Hancock until **July 2, 2025**, to file an amended complaint; and

(2) CAUTIONS Ryan Cole Hancock if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 10, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT